USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: September 17, 2009

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
ADRIANA BECERRIL,                                  :
                                                   :
                Plaintiff,                 :    08 Civ. 10283 (PAC) (KNF)
                                                   :
   - against -                                    :    ORDER
                                                   :
EASE BRONX NAACP                                   :
CHILD DEVELPOMENT CENTER,                          :
                                                   :
                Defendant.                 :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

      HONORABLE PAUL A. CROTTY, United States District Judge:

      Plaintiff, Adriana Becerril ("Becerril"), alleges violations of: (1) Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq., as amended by the Pregnancy Discrimination Act of 1978 ("Title VII"); (2) the New York State Human Rights Law ("NYHRL"), New York Executive Law §§ 290 et seq.; and (3) the New York City Human Rights Law ("NYCHRL"), New York City Administrative Code §§ 8-101 et seq., against East Bronx N.A.A.C.P. Child Development Center (the "Center"). The defendant failed to answer or otherwise respond to the complaint, and the plaintiff moved for default judgment. On March 2, 2009, the Court granted the default judgment to plaintiff and referred the matter to Magistrate Judge Kevin Nathaniel Fox to conduct a post-default inquest and to report and recommend the amount of damages, if any, to be awarded to the plaintiff against the defendant. On August 18, 2009, Magistrate Judge Fox issued a Report and Recommendation ("R&R") recommending the amount of damages that the plaintiff should be awarded. On September 3, 2009, Becerril filed timely objections to the damages suggested in the R&R ("Obj."). The Court has reviewed the R&R and Becerril's objections and adopts the R&R in its entirety.

1

## BACKGROUND

**I.     Facts**[1]

Becerril was an employee at the Center from April 2005 until September 17, 2007.  In March 2007, Becerril told her Managing Director, Yolanda Braham ("Braham"), that she was pregnant, following which, in the summer of 2007, the Center assigned Becerril tasks that entailed greater travel.  In July 2007, Becerril was diagnosed with pre-term labor and high-risk pregnancy, which required her to reduce stress by minimizing travel and overall responsibilities.  On September 14, 2007, Becerril submitted a note from her physician informing Braham that the associated health-risk to her pregnancy prevented her from stressful activities, including travel.  Braham appeared annoyed at these requests, and, on September 17, 2007, Braham terminated Becerril's employment without explanation.  Becerril believes that she was terminated because of her pregnancy.  Following her termination, Becerril was diagnosed with depression, migraine headaches, and post-concussive syndrome, and she was prescribed medications.  Becerril's symptoms improved after September 2008 and dissipated in December 2008, when she secured new employment.  On March 10, 2008, Becerril filed a timely discrimination charge against the Center with the Equal Employment Opportunity Center.  This action timely commenced on November 25, 2008.

---

[1] The facts in this section are taken from the R&R.  Becerril does not object to Magistrate Judge Fox's recitation of the facts.

2

**DISCUSSION**

**II.     Standard of Review for a Report and Recommendation**

A district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). When a timely objection is made to the magistrate's recommendations, the court is required to review the contested portions de novo. Pizarro v. Bartlett, 776 F. Supp. 815, 817 (S.D.N.Y. 1991). The court "may adopt those portions of the [R&R] to which no objections have been made and which are not facially erroneous." La Torres v. Walker, 216 F. Supp. 2d 157, 159 (S.D.N.Y. 2000).

**III.    Magistrate Judge Fox's R&R and Becerril's Objections**

Magistrate Judge Fox reviewed the facts and thoroughly analyzed the applicable law. Magistrate Judge Fox recommended, among other things, that Becerril be awarded $50,000 in compensatory damages (R&R at 12), denied punitive damages (Id. at 13), and awarded $52,830 in attorneys' fees (Id. at 18). Becerril objects to these recommendations, arguing that she is entitled to: (a) $250,000 in compensatory damages (Obj. at 3-5); (b) $250,000 in punitive damages (Id. at 5-6); and (c) $78,128 in attorneys' fees (Id. at 7-9). The Court finds that none of Becerril's objections have merit and adopts the R&R in its entirety.

3

**a. Compensatory Damages**

Title VII caps Becerril's combined amount of compensatory and punitive damages at $50,000; the NYHRL and the NYCHRL entitle Becerril to an unlimited amount of compensatory damages. See New York City Transit Auth. v. New York State Div. of Human Rights, 78 N.Y.2d 207, 216 (1991). In discrimination cases, the NYHRL provides for punitive damages; the NYCHRL does not. See Farias v. Instructional Sys., Inc., 259 F.3d 91, 101 (2d Cir. 2001).

A prevailing Title VII plaintiff is entitled to be compensated for "emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses." See 42 U.S.C. § 1981a(b)(3). In employment discrimination cases, courts have awarded damages commensurate with the severity of the emotional distress. See Rainone v. Potter, 388 F.Supp.2d 120, 122 (E.D.N.Y. 2005). Courts have awarded damages ranging from $50,000 to $100,000 for significant emotional distress claims; courts have awarded damages in excess of $100,000 only where "the discriminatory conduct was outrageous or shocking or where the physical health of the plaintiff was significantly affected." Id.

Magistrate Judge Fox properly concluded that Becerril's claim places her at the low-end of the "significant emotional distress" category, warranting an award of $50,000 (R&R at 12). He found that a greater amount was not warranted because her physical and emotional symptoms lasted only a few months, improved with medication during her unemployment, and dissipated shortly after she regained employment (Id.).

Becerril objects to an award of $50,000 in compensatory damages and seeks $250,000, arguing that the recommended amount does not make her whole for her extreme emotional distress resulting from her depression, migraine headaches, and post-concussive syndrome (Obj.

4

at 3-5). She relies on several discrimination cases in which courts upheld compensatory damages in excess of $50,000 (Id. at 3-4).

The cases Becerril cites are not analogous; unlike Becerril's case, the cases Becerril cites involve egregious acts of discrimination, extremely stressful consequences, or protracted periods of suffering. See Quinn v. Nassau County Police Dep't, 53 F.Supp.2d 347, 363 (E.D.N.Y. 1999) (upholding $250,000 award where plaintiff, a homosexual police officer, suffered discrimination over nine years when his colleagues and officers embarked on a vicious campaign of harassment, tormenting him with pornographic cartoons and photographs, anti-gay remarks, and barbaric pranks); New York City Transit Auth. v. State Div. of Human Rights, 181 A.D.2d 891 (2d Dep't 1992) (upholding $450,000 jury award where plaintiff suffered four separate incidents of discriminatory conduct over fourteen months, which resulted in a miscarriage and severe distress for over seven years); Quinby v. WestLB AG, 2008 U.S. Dist. LEXIS 62366 (S.D.N.Y. Aug. 15, 2008) (finding compensatory damage award of $300,000 in employment discrimination case to be at or above the upper range of reasonableness where plaintiff suffered extreme stress, was denied a bonus for two years, was terminated from her employment twice, and where her pension was prevented from vesting).[2]

The Court finds that Magistrate Judge Fox reviewed Becerril's compensatory damage claim and made an appropriate assessment. Accordingly, the Court adopts his recommendation to award $50,000 in compensatory damages.

---

[2] Becerril's reliance on Meacham v. Knolls Atomic Power Lab., 381 F.3d 56, 77-78 (2d Cir. 2004), is likewise misplaced, as Meacham cites an array of New York cases reducing awards to $30,000 or below for mental anguish. 381 F.3d at 78.

**b. Punitive Damages**

Punitive damages under Title VII are appropriate where the defendant "engaged in discriminatory practice or discriminatory practices with malice or with reckless indifference to the federally protected rights of an aggrieved individual." See 42 U.S.C. § 1981a(b)(1); see also N.Y.C. Admin. Code § 8-502(a).  To recover punitive damages under NYCHRL, a plaintiff must show either: (1) that the employer acted with "malice and reckless indifference[,] referring to the employer's knowledge that it may be acting in violation of federal law," or (2) "egregious or outrageous acts" by the employer that support "an inference of the requisite evil motive." Farias, 259 F.3d at 101-02.

Magistrate Judge Fox recommended that Becerril be denied punitive damages because she did not present evidence demonstrating that the Center's actions were egregious or malicious.  (R&R at 13).  Becerril, however, argues that her request for $250,000 is warranted because Braham was visibly annoyed at her request for a restricted workload and terminated her employment only one business day following this request. (Obj. at 5-6).

Becerill's objection is meritless.  In Kolstad v. American Dental Association, 527 U.S. 526, 535 (1999), the Supreme Court held that the terms "malice" or "reckless indifference" in 42 U.S.C. § 1981a(b)(1) "pertain to the employer's knowledge that it may be acting in violation of federal law, not its awareness that it is engaging in discrimination."  In reaching this conclusion, the Supreme Court recognized that there will be circumstances where intentional discrimination does not give rise to punitive damages under Title VII. Id. at 536-37; see also Robinson v. Instructional Systems, Inc., 80 F.Supp.2d 203, 210 (stating that Kolstad severely limits punitive damage liability in employment discrimination cases and "leaves precious little room for any realistic opportunity for employees to seek punitive damages for employers who intentionally

discriminate against them"). Here, the temporal proximity between Becerril's request for a restricted workload and her termination as well as Braham's visible annoyance at Becerril's request are evidence of intentional discrimination; but that behavior is not evidence that the Center intentionally acted in violation of federal law. Becerril is not entitled to punitive damages because she failed to produce evidence of either egregious discriminatory actions or reckless indifference to the law.

**c. Attorneys' Fees**

Under Title VII, a prevailing plaintiff may recover reasonable attorneys' fees and costs. See 42 U.S.C. § 2000E-5(k). In determining the amount of attorneys' fees to be awarded, courts must analyze the evidence to determine whether the "requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." Blum v. Stenson, 465 U.S. 886, 896n.11. The Court should consider these factors, exercise its discretion, and then use the "presumptively reasonable" method to determine attorneys' fees. Arbor Hill Concerned Citizens Neighborhood Association v. County of Albany and Albany County Board of Elections, 522 F.3d 182, 190 (2d Cir. 2008).

Magistrate Judge Fox reviewed the legal and factual issues and determined that they were neither unusual nor complex; he reviewed the time records and hourly billing rates of the attorneys and paralegals who worked on the case and found vague and irrelevant entries. Based on his review, he recommended reducing the attorneys' fees in line with awards given to attorneys and paralegals in this district with comparable skill, experience, and reputation (R&R at 13-18). This was certainly appropriate, considering the fact that this was an uncontested default. Title VII cases are relatively straightforward; and the required level of competence is lower where, as here, there has been a default. Becerril objects to this reduction, repeating the

arguments of her original motion (Obj. at 7-8). Magistrate Judge Fox's analysis of recent case-law (R&R at 15-16) is quite appropriate, however, and fully supports the reduction in both hourly rates and billed hours; see e.g., Rozell, 576 F.Sup.2d at 546; Chan v. Sung Yue Tung Corp., 2007 WL 1373118 at *3-5 (S.D.N.Y. May 8, 2007). The Court adopts Magistrate Judge Fox's recommendation regarding the award of attorneys' fees.

## CONCLUSION

The Court adopts Magistrate Judge Fox's R&R in its entirety. The Clerk of the Court is directed to enter judgment that the plaintiff be awarded: (1) back pay in the amount of $83,365.30; (2) pre-judgment interest on the back pay award, for the period September 17, 2007, to March 2, 2009, to be calculated by the Clerk of Court, at the rate referred to in 28 U.S.C. § 1961(a); (3) front pay, in the amount of $10,000; (4) compensatory damages, in the amount of $50,000; (5) attorneys fees, in the amount of $52,830; (6) costs, in the amount of $56.40; (7) expenses for legal research, in the amount of $278.19; and (8) post-judgment interest, to be calculated by the Clerk of Court, at the rate referred to in 28 U.S.C. § 1961(a), from March 2, 2009.

Dated: New York, New York
       September 17, 2009

SO ORDERED

PAUL A. CROTTY
United States District Judge